ORIGINAL

# In the United States Court of Federal Claims

No. 15-1389 C
(Filed December 16, 2015)

FILED
DEC 16 2015
U.S. COURT OF
FEDERAL CLAIMS

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

NEAPOLEON JWAN FREEMAN, SR.,

    *Pro Se Plaintiff,*

v.

THE UNITED STATES,

    *Defendant.*[1]

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## ORDER

    The court has before it plaintiff's *pro se* complaint, filed November 16, 2015. Because this court lacks jurisdiction over Mr. Freeman's claims, his suit must be dismissed pursuant to Rule 12(h)(3) of the Rules of the United States Court of Federal Claims (RCFC). The reasons for this *sua sponte* dismissal are set forth below.

    The complaint filed by plaintiff Mr. Freeman is largely incoherent and unpaginated. The title of the complaint is "Motion for Civil Action on Nazi [Department of Defense] Mediator Jan. 1974 Nov. 2015 Order." Compl. at 1. A representative sample of the complaint is as follows:

> Plaintiff's complaint of <u>Total Holocaust</u> on (him and wife) on Jan. 1974 . . . . [and] Petition for Civil Action for personal injuries, negligence, damnation $100,000.00

---

[1]/ The court notes that the United States is the only proper defendant in this court. Therefore, although the handwritten complaint names "Nazi of Department of Defense - Pentagon Mediator whom visited Broadway o/m./Jr. sch. Newark, NJ Jan. 1974 World Smartest Man I.Q. contest: Awarded prize Total Holocaust" as defendant, the Clerk's Office has correctly docketed this case as brought against the United States.

> Damages is a step to medical needs (Prison
> institution/not allowing all needed copies).

*Id.* at 1-2. Much later in the complaint, the events of January 1974 are described as occurring in a principal's office in Newark, New Jersey. *Id.* at 6.

On the final page of the complaint is a reference to a Congressional Representative from New Jersey who has apparently not responded to Mr. Freeman's letters as of November 2015. *Id.* at 8. Subsequently, in plaintiff's response to the court's request for a completed application to proceed *in forma pauperis*, Mr. Freeman complains that he has had no response to his request to the United States Court of Appeals for the Federal Circuit for a refund or reimbursement of filing fees that he has paid (or is paying) in connection with his 2014 appeal in that forum.[2] Application to Proceed *In Forma Pauperis*, at 2.

Affording all reasonable inferences to the factual allegations in the complaint and plaintiff's *in forma pauperis* application, the complaint may present claims relating to the actions of a Department of Defense employee in 1974, conditions at the prison in which Mr. Freeman is incarcerated, the failure of a member of Congress to respond to Mr. Freeman's letters, and/or the failure of the Federal Circuit to respond to Mr. Freeman's correspondence regarding filing fees in that forum. None of these allegations satisfies plaintiff's burden to establish that his suit is within the jurisdiction of this court. *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 747-48 (Fed. Cir. 1988). Indeed, although the complaint cites to one specific federal statute, 38 U.S.C. § 4323 (2012), that statute confers jurisdiction on the United States district courts, not this court. *See* 38 U.S.C. § 4323(b)(1).

Regarding the complaint's more general citation to the "Prisoner Litigation Reform Act of 1995," Compl. at 1, or PLRA, this statute is not money-mandating so as to support jurisdiction for a claim seeking a refund of court filing fees. *See Dudley v. United States*, 61 Fed. Cl. 685, 687-89 (2004) (dismissing a PLRA

---

[2] Plaintiff's complaint in this case asserts that it is "not in connection to previous case," Compl. at 1, an apparent reference to another suit plaintiff filed in this court which was dismissed for lack of jurisdiction. *See Freeman v. United States*, No. 13-327C (Fed. Cl. Sept. 19, 2013) (order dismissing case), *aff'd*, 568 F. App'x 892 (Fed. Cir. 2014).

claim). This court also has no review powers over the actions of the United States Court of Appeals for the Federal Circuit. As to the other fragmentary allegations of misdeeds contained in the complaint, the tortious conduct of either a federal employee or a member of Congress does not give rise to a claim within this court's jurisdiction. *Shearin v. United States*, 992 F.2d 1195, 1197 (Fed. Cir. 1993). Finally, suits complaining of state prison conditions are not within this court's jurisdiction. *Hover v. United States*, 113 Fed. Cl. 295 (2013).

Although the complaint may express the frustration of plaintiff regarding his circumstances, it does not contain "a nonfrivolous allegation that [the plaintiff] is within the class of plaintiffs entitled to recover [from the United States] under [a] money-mandating source" of law. *Jan's Helicopter Serv., Inc. v. Fed. Aviation Admin.*, 525 F.3d 1299, 1309 (Fed. Cir. 2008). Because Mr. Freeman has not presented a nonfrivolous reference to a source of law supporting this court's jurisdiction over his claims, his complaint must be dismissed for lack of jurisdiction.[3] Accordingly, it is hereby **ORDERED** that

(1) The Clerk's Office is directed to **ENTER** final judgment in favor of defendant, **DISMISSING** the complaint for lack of jurisdiction, without prejudice;

(2) The Clerk's Office is directed to **RETURN** any further attempted filings to plaintiff, **UNFILED**, other than a properly filed notice of appeal; and

(3) No costs.

*[signature]*
LYNN J. BUSH
Senior Judge

---

[3] The court has considered transfer of this suit to another federal court, but declines to do so because transfer is not in the interest of justice. There is no indication that the claims in this suit would proceed to a ruling the merits – instead, all of plaintiff's claims, as best as they can be discerned, appear to be barred on jurisdictional or other grounds.

3